IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARRELL D. HEATH                    ) | |
|                                     ) | Case No. CV 06-00041-S-MHW |
|                                     ) | |
|            Petitioner,              ) | **MEMORANDUM DECISION** |
|       v.                            ) | **AND ORDER** |
|                                     ) | |
| JO ANNE B. BARNHART,                ) | |
| Commissioner of Social Security,    ) | |
|                                     ) | |
|            Respondent.              ) | |
| _____) | |

## <u>Introduction</u>

Currently pending before the Court for its consideration is Petitioner Darrel D. Heath's

("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security

benefits, filed January 31, 2006.  The Court has reviewed the Petition for Review and the

Answer, the parties' memorandums, the administrative record (AR) and for the reasons that

follow, will affirm the decision of the Commissioner.

**Memorandum Decision and Order - PAGE 1**

# I.
## Procedural and Factual History

Petitioner applied for Social Security Disability benefits on January 23, 2003, and protectively applied for Supplemental Security Income on January 9, 2003.  (AR 15).  Although Petitioner's application was denied initially and on reconsideration, his request for a hearing was timely filed.

Administrative Law Judge John C. Arkoosh ("ALJ") held a hearing on September 29, 2004, taking testimony from Petitioner and vocational expert Anne Aastum.  (AR 145-184).  The ALJ issued a decision finding Petitioner not disabled on December 7, 2004. (AR 12-20).

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner.  (AR 5-8).  Petitioner appealed this final decision to this Court, which has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 42 years old.  He was taking college courses and was working on-call at a bus terminal.

# II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, it must be determined whether the claimant is engaged in substantially gainful activity.  The ALJ found that Petitioner had not engaged in substantial gainful activity since his alleged disability onset date.  (AR 19).  At step two, it must be determined whether claimant suffers from a severe impairment.  The ALJ found that Petitioner had the following

**Memorandum Decision and Order - PAGE 2**

severe impairments: right hip dysplasia, right knee instability, and a history of an old shoulder injury with possible impingement syndrome.  (AR 19).  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments.  (AR 19).  If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Petitioner had the residual functional capacity to perform his past relevant work as an agricultural sorter.  (AR 20).  If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.  At step five, the ALJ found that petitioner could perform work existing in significant numbers in the national economy such as cashier II, information clerk, toll collector, and parking lot attendant.  (AR 20).

### III.
### Standard of Review

The petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work

**Memorandum Decision and Order - PAGE 3**

experience, to engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).   Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Flaten,* 44 F.3d at1457.  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment

**Memorandum Decision and Order - PAGE 4**

is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**IV.**
**Discussion**

**A.     Petitioner's Credibility**

At the hearing, Petitioner testified that he could sit 45 minutes to an hour, and stand 30 to 40 minutes. (AR 181). He also stated that he thought that he would have a difficult time sitting and standing through an eight hour day, even if allowed to lie down during the breaks. *Id*. After considering all of the evidence, however, the ALJ determined that Petitioner's allegations of total disability were not credible. (AR 19).

Petitioner argues that the administrative record as a whole does not support the ALJ's rejection of his complaints and testimony. Br. in Supp. of Pet., at 5, Docket No. 16. He contends that Dr. Surbaugh's statement supports his testimony that he is disabled. Br. in Supp. of Pet., at 4, Docket No. 16. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id*. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *see also Light v. Soc. Sec. Admin*., 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may not discredit a claimant's subjective testimony on the

**Memorandum Decision and Order - PAGE 5**

basis that there is no objective medical evidence that supports the testimony).  Unless there is

affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and

convincing reasons for rejecting pain testimony.  *Burch*, 400 F.3d at 680.  General findings are

insufficient, and the ALJ must identify what testimony is not credible and what evidence

undermines the claimant's complaints.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial

evidence in the record.  *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th

Cir. 1999).

    In evaluating credibility, the ALJ may engage in ordinary techniques of credibility

evaluation, including considering claimant's reputation for truthfulness and inconsistencies in

claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities,

claimant's work record and testimony from physicians and third parties concerning the nature,

severity and effect of the symptoms of which claimant complains.  *Thomas v. Barnhart*, 278 F.3d

947, 958-59 (9th Cir. 2002).  Also, the ALJ may consider: location, duration and frequency of

symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of

medications; and treatment measures taken by claimant to alleviate those symptoms.  *See* Soc.

Sec. Ruling 96-7p.

    The ALJ noted that Petitioner's activities of daily living are inconsistent with the

disabling pain and functional limitations he claims.  (AR 19).  The daily activities the ALJ

referenced included cooking, shopping, doing laundry, driving, and attending college several

hours a week.  (AR 19).  The ALJ also referenced the fact that Petitioner did not take any

medication for his conditions.  *Id*.  The ALJ noted that the DDS medical consultants concluded

**Memorandum Decision and Order - PAGE 6**

that Petitioner can lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk at least six hours in an eight hour work day, and sit six hours in a work day. *Id*. The ALJ also noted that both Dr. Radnovich and Dr. Surbaugh concluded that, although claimant had some limitations, he could work. *Id*. Although Dr. Surbaugh stated that Petitioner was disabled, the ALJ recognized that Dr. Surbaugh had also stated that Petitioner could perform sedentary work. *Id*. The ALJ found, however, that Petitioner's activities of daily life were inconsistent with Dr. Surbaugh's opinion that Petitioner should be limited to sedentary work. *Id*. Thus, the ALJ held that Petitioner was not disabled under the framework of medical vocational rule 202.21. *Id*. The ALJ also noted that even if Petitioner was limited to sedentary work as described by Dr. Surbaugh, he would not be disabled under medical vocational rule 201.28. *Id*.

As stated above, it is the ALJ's job to determine credibility. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The issue is not whether the Court agrees with the ALJ's credibility assessment, but whether the assessment is sound. There is substantial evidence in the record to support the ALJ's finding that Petitioner was not fully credible as the ALJ took into consideration the objective medical evidence, opinions of physicians that Petitioner was not precluded from all work, the fact that Petitioner was not taking medication for his conditions, and inconsistencies between the pain Petitioner complained of and his daily activities.

The Court finds that, based on the above, there is substantial evidence in the record to

**Memorandum Decision and Order - PAGE 7**

support the ALJ's finding that Petitioner was not fully credible.  The Court will not engage in second-guessing when the ALJ's decision is sound and there is substantial evidence to support it.

**V.**
**Conclusion**

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error.  Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

**<u>ORDER</u>**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.



DATED: March 21, 2008

_____
Honorable Mikel H. Williams
Chief United States Magistrate Judge

**Memorandum Decision and Order - PAGE 8**